UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

SOVEREIGN CONSULTING INC.,        1:21-00035

    Plaintiff,              **OPINION**

  v.

COVER TECHNOLOGIES INC., et al.,

    Defendants.

---

**APPEAERANCES:**

ROBERT L. SALDUTTI
MICHAEL JAMES HAGNER
THOMAS BRENDAN O'CONNELL
SALDUTTI LAW GROUP
800 N. KINGS HWY
SUITE 300
CHERRY HILL, NJ 08034

    *Counsel on behalf of Plaintiff*

DOUGLAS F. JOHNSON
EARP COHN P.C.
20 BRACE ROAD
4TH FLOOR
CHERRY HILL, NJ 08034

    *Counsel on behalf of Defendants*

**HILLMAN, District Judge**

Sovereign Consulting, Inc. ("Plaintiff") alleges that Cover Technologies, Inc. ("CTI") and Eugene Bernat ("Mr. Bernat") (collectively the "Defendants") breached their contract, inter alia, when they failed to compensate Plaintiff for services

1

related to environmental consulting projects in Hopedale, Massachusetts and Springfield, Massachusetts. Defendants removed the case from the Superior Court of New Jersey and now motion this court to dismiss Plaintiff's complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiff counters the Motion to Dismiss.[1] For the reasons outlined below, Defendants' Motion to Dismiss for lack of personal jurisdiction will be granted.

## **BACKGROUND**

Plaintiff is a domestic environmental consulting firm with fifteen offices in twelve states that is incorporated in New Jersey and has its principal place of business in Robbinsville, New Jersey. Plaintiff operates two offices in the Commonwealth of Massachusetts, one of which is located at 4 Open Square Way, Holyoke, Massachusetts ("Holyoke Building").

Defendants include CTI, a Massachusetts corporation engaged in waste and recycling ventures principally located in Upton, Massachusetts, formerly in the Holyoke Building; and Mr. Bernat, an individual officer of the same corporation residing in, and a resident of, Massachusetts.

The parties' relationship formed as a byproduct of sharing

---

[1] In the introductory paragraph of Plaintiff's opposition brief, Plaintiff alternatively asks for leave to file an amended complaint. (ECF No. 10 at 2). Plaintiff has not articulated how any amendments would cure the personal jurisdiction defect. The Court therefore declines to grant such relief.

the same office building in Holyoke, Massachusetts.  Defendants first hired Plaintiff to prepare permits and submittals for approval by the Massachusetts Department of Environmental Protection ("MassDEP") for a landfill closure located in Hopedale, Massachusetts ("Hopedale Project").  That project required Plaintiff to perform in-person assessments of the site, among other tasks, and then submit documentation to MassDEP.  Defendants reengaged Plaintiff to perform similar services for a comparable landfill capping job located in Springfield, Massachusetts ("Bondis Island Project").

Rachel Leary, P.E., LSP ("Leary"), a Sovereign employee working out of the Holyoke Building, negotiated the contract on behalf of the Plaintiff and served as the main point of contact between the parties.  Leary holds two professional licenses, both in Massachusetts.

Negotiations between the parties on the two projects occurred in Massachusetts.  The project sites themselves are located in Massachusetts and work undertaken by both parties pursuant to those projects is alleged to have taken place in Massachusetts.  Defendants did not correspond with the Plaintiff's New Jersey branch during negotiations or inquire about any work there.  Defendants have no offices, projects, or bank accounts in New Jersey and are not registered for business in New Jersey.  However, throughout the engagement between the parties, Plaintiff sent invoices to Defendants from New Jersey,

which stated "REMIT TO: 6 Terri Lane, Suite 500, Burlington, NJ 08016." (See, e.g. ECF No. 10-1). In response, Defendants sent payment to the Plaintiff's accounting office located at 6 Terri Lane, Suite 500, Burlington, New Jersey.

Dissatisfaction over the Plaintiff's performance resulted in Defendants' nonpayment in an amount in excess of $150,000. Plaintiff sought recovery from Defendants in Superior Court of New Jersey, Burlington County, Law Division, raising the following five claims: (1) Breach of Contract (Count I); (2) Breach of Fiduciary Duty/Quasi-Trust Relationship (Count II); (3) Alter Ego/Piercing the Corporate Veil (Count III); Unjust Enrichment (Count IV); and Promissory Estoppel (Count V). Except for Count I, raised solely against CTI, all other counts are asserted against both Defendants.

Defendants move to dismiss Plaintiff's complaint for lack of personal jurisdiction arguing that they did not purposefully avail themselves of the benefits of the forum state, and therefore, a trial in New Jersey offends the Due Process Clause of the Fourteenth Amendment.

## DISCUSSION

**A. Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of the parties and the amount in controversy exceeds $75,000.

4

## B. Standard for Motion to Dismiss for Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of an action when the Court does not have personal jurisdiction over a defendant. "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007) (citing Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001)). In deciding a motion to dismiss for lack of personal jurisdiction, the Court must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Carteret Sav. Bank v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir.), cert. denied, 506 U.S. 817, 113 S. Ct. 61, 121 L.Ed.2d 29 (1992) (citations omitted).

A defendant is subject to the jurisdiction of a United States district court if the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]" Fed. R. Civ. P. 4(k)(1)(A). "A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004) (citations omitted). The New Jersey long-arm statute "permits the exercise of personal jurisdiction to the fullest limits of due process." IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998) (citing DeJames v.

5

Magnificence Carriers, Inc., 654 F.2d 280, 284 (3d Cir. 1981)).

Under the Due Process clause, the exercise of personal jurisdiction over a non-resident defendant is appropriate when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L.Ed. 95 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L.Ed. 278 (1940)), cited in Ford Motor Company v. Montana Eighth Judicial District Court, --- U.S. ----, 141 S. Ct. 1017, --- L.Ed.2d ----, 2021 WL 1132515, at *4 (U.S. March 25, 2021) (stating that International Shoe is the "canonical decision in this area").

A defendant establishes minimum contacts by "'purposefully avail[ing] itself of the privilege of conducting activities within the forum State,'" thereby invoking "'the benefits and protections of [the forum State's] laws.'" Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of California, 480 U.S. 102, 109, 107 S. Ct. 1026, 94 L.Ed.2d 92 (1987) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985)). This "purposeful availment" requirement assures that the defendant could reasonably anticipate being haled into court in the forum and is not haled into a forum as a result of "random," "fortuitous" or "attenuated" contacts with the forum state. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S.

6

286, 297 (1980); see also Burger King Corp., 471 U.S. at 472, 475, 105 S. Ct. 2174 (internal citations omitted).

In deciding whether a defendant's contacts with a forum are sufficient to confer personal jurisdiction over that party, the Court must consider whether such contacts are related to or arise out of the cause of action at issue in the case. The Court may exercise specific personal jurisdiction over a defendant where the cause of action is related to or arises out of activities by the defendant that took place within the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984). If the cause of action has no relationship to a defendant's contacts with a forum state, the Court may nonetheless exercise general personal jurisdiction if the defendant has conducted "continuous and systematic" business activities in the forum state. Id. at 416, 104 S. Ct. 1868.

Once the Court determines that the defendant has minimum contacts with the forum state, it must also consider whether the assertion of personal jurisdiction over the defendant "comport[s] with 'fair play and substantial justice'" to satisfy the due process test. Burger King Corp., 471 U.S. at 476, 105 S. Ct. 2174 (quoting Int'l Shoe, 326 U.S. at 320, 66 S. Ct. 154). In this regard, it must be reasonable to require the defendant to litigate the suit in the forum state, and a court may consider the following factors to determine reasonableness: the burden on the defendant, the forum state's interest in

adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining an efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies. Id. at 477, 105 S. Ct. 2174 (citing World-Wide Volkswagen, 444 U.S. at 292, 100 S. Ct. 580).

**C. Analysis**

Defendants argue that any contacts with New Jersey were unilaterally directed there by the Plaintiff. Defendants claim not to have reached into New Jersey to seek the Plaintiff's services or conduct any negotiations there. In fact, the relationship between the parties stems from them both previously having offices in the same Massachusetts building, making New Jersey an unforeseeable forum. Activities pursuant to the agreement occurred in Massachusetts and the unpaid fees contested by the Plaintiff originate from work done in Massachusetts. Defendants did not correspond with any of Plaintiff's New Jersey employees. Defendants conduct no business in New Jersey.

Plaintiff does not refute Defendants' strong ties with Massachusetts but urges this Court to instead focus on Defendants'[2] "pattern of issuing payments to New Jersey" as its

---

[2] Plaintiff's complaint names CTI and Mr. Bernat as defendants but argues the same basis for personal jurisdiction over both.

8

basis for establishing personal jurisdiction in this forum. (ECF No. 10 at 5). By "knowingly direct[ing] payments for services into New Jersey for years," Plaintiff argues that Defendants purposefully availed themselves of the benefits of New Jersey and haling them into this forum should have been reasonably foreseeable based on the parties' arrangement. (ECF No. 10 at 4). Since this litigation centers on Defendants' nonpayment into New Jersey, Plaintiff argues that the case arises from those contacts with this forum.

Based on Plaintiff's stated theory of personal jurisdiction, the sole issue for the Court to decide is whether directing payments into a forum, without anything more, can be enough to establish personal jurisdiction. This Court agrees with the Defendants that sporadic payments into a forum are alone insufficient to grant personal jurisdiction.[3]

The Court must first determine whether there have been constitutionally sufficient minimum contacts between the

---

Except for one claim lodged solely against CTI, all Plaintiff's claims are directed at both parties. Finding personal jurisdiction lacking over the company involves the same analysis as finding it lacking over Mr. Bernat. As such, the Court will refer to defendants collectively. See Magill v. Elysian Glob. Corp., No. 20-6742, 2021 WL 1221064 at n.10 (D.N.J. Apr. 1, 2021).

[3] In Plaintiff's opposition brief, Plaintiff explains it "proceeds only upon the theory that this Court maintains specific jurisdiction over the Defendants to adjudicate this litigation." (ECF No. 10 at 3). Accordingly, the Court's analysis only focuses on whether this Court may exercise specific jurisdiction over Defendants.

defendant and the forum. Burger King, 471 U.S. at 474. There must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).

Analyzing minimum contacts as they pertain to specific jurisdiction requires evaluating "the relationship among the forum, the defendant and the litigation." Mellon Bank PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992) (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)). Plaintiff alleges that "the exchange of invoices for services and payments for services" functions as "the most significant contact between the parties." (ECF No. 10 at 2-4). That the parties had a contractual relationship, and that the invoices pursuant to that relationship represent "the entire subject matter of this lawsuit," the basis for the jurisdictional question in this case must be rooted in the parties' contract. (ECF No. 10 at 4).

It is well-settled law that merely entering into a contract with a forum resident does not subject a nonresident to personal jurisdiction. Farino, 960 F.2d at 1223. In order to evaluate specific jurisdiction based on a contract, courts are instructed to look at "the totality of the circumstances, including the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing."

Remick v. Manfredy, 238 F.3d 248, 256 (3d Cir. 2001) (citing Farino 960 F.2d at 1223). The actions surrounding the contract's formation and implementation offer courts a window with which to see whether an out-of-state defendant purposefully availed itself of the benefits of the forum state.

An inquiry first into the activities of the parties during negotiations and then their conduct once the agreement formed shows that the Defendants' contacts with New Jersey only amount to the payments sent there. Negotiations between Plaintiff and Defendants occurred entirely in, and among parties working from, Massachusetts. Defendants did not reach out into New Jersey to call or email Plaintiff's employees there. Leary, a Sovereign employee working out of the Holyoke Building, negotiated the contract on behalf of the Plaintiff, and then served as a project director for the Defendants' jobs. Subsequent to the first agreement between the parties, Defendants could have had knowledge of Plaintiff's New Jersey business office, but other than sending payment there, all of the communications between the parties as well as the entirety of the contracted services occurred in Massachusetts. In summary, neither the negotiations nor any work pursuant to the contract occurred in New Jersey. This case solely hinges on responsive payments made by Defendants to the Plaintiff into the forum.

Only when combined with additional contacts with the forum are payments sent from an out-of-state defendant to a resident

plaintiff enough to establish minimum contacts.  Plaintiff references no case law to advance its conclusory statement that "there is no question that Defendants have purposefully availed themselves of the benefits of New Jersey" based on payments made to the forum. (ECF No. 10 at 4).  This despite <u>North Penn Gas Co. v. Corning Natural Gas Corp.</u>, 897 F.2d 687 (3d Cir. 1990) and its progeny offering some support for Plaintiff's position.

    However, cases in the <u>North Penn Gas</u> lineage with which courts conferred personal jurisdiction presented activities by defendants directed at the forum *in addition* to the payments sent there.  <u>North Penn Gas</u>, like the present case, featured a resident plaintiff attempting to establish personal jurisdiction over an out-of-state defendant based on the parties' contractual relationship and payments directed by the defendant into the forum.  <u>Id.</u>  The defendant in that case hired the resident plaintiff for gasoline storage services in the forum state.  <u>Id.</u>  Before the plaintiff actually warehoused the defendant's gas in the forum, but after defendant directed several payments to the plaintiff there, a dispute arose between the parties that resulted in the lawsuit.  <u>Id.</u>  Because the contracted services set to take place in the forum did not actually occur, the defendant argued it lacked sufficient contacts with the forum to warrant personal jurisdiction.  <u>Id.</u>  On an appeal from a judgement in favor of the defendant, the Third Circuit reversed and awarded personal jurisdiction because defendant "made

consecutive payments" to the resident plaintiff "and reserved space in [plaintiff's] storage fields" in the forum. Id. at 690. Moreover, defendant "purposefully established minimum contacts…through the services received…, the 30 year relationship with [Plaintiff], its voluntary participation in the continuation of that relationship…, and the transmittal of payments into [the forum]." Id. at 691.

Distinguishing itself from North Penn Gas, the court in Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co. granted an out-of-state defendant's motion to dismiss for lack of personal jurisdiction but theorized that personal jurisdiction might have been warranted had the defendant made payments into the forum. 75 F.3d 147, 153 (3d Cir. 1996) ("Nor is this a case where the defendant sent any payments to the plaintiff in the forum state."). However, The Third Circuit later clarified in Remick v. Manfredy that Vetrotex must be read "[i]n light of [its] limiting language" which necessitates considering "all three of [Vetrotex's] limiting factors" in combination. Sub-Tech., Inc. v. Am. Coal Co., No. 6-1265, 2006 WL 3343908, at *5 (W.D. Pa. Nov. 17, 2006) (citing Remick 238 F.3d at 257). Thus, Courts cannot isolate Vetrotex's component parts and are instructed to fully consider the following:

> For instance, this is not a case where the defendant solicited the contract or initiated the business relationship leading up to the contract. Compare Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217 (3d Cir.

13

> 1992). Nor is this a case where the defendant sent any payments to the plaintiff in the forum state, compare North Penn Gas v. Corning Natural Gas, 897 F.2d 687, 690-91 (3d Cir. 1990), or where the defendant engaged in extensive post-sale contacts with the plaintiff in the forum state. Compare Mesalic v. Fiberfloat Corp., 897 F.2d 696, 700 (3d Cir.1990).

75 F.3d 147, 152-153 (citation omitted).

Later in Remick, the Third Circuit ruled that the defendant established "entangling" contacts by sending payments to the forum in addition to soliciting services there, receiving the benefits of the forum's laws under the agreement, and accepting the fruits of the contracted work from the forum. 238 F.3d at 256-57. Since Remick, payments directed at a forum have been deemed insufficient on their own to establish minimum contacts but may be used in combination with other activities to establish personal jurisdiction over an out-of-state defendant. Compare Abira Med. Labs., LLC v. Johns Hopkins Healthcare LLC, No. 19-5090, 2020 WL 3791565, at *5 (E.D. Pa. July 7, 2020) ("Courts within [the Third Circuit] have also found that sending payments to the forum state alone, where the contract was not negotiated or executed there, does not constitute 'purposeful availment.'"); Cintron Beverage Grp., LLP v. Aoun, No. 10-3439, 2011 WL 3156584, at *3 (E.D. Pa. July 26, 2011) ("The Court cannot find, particularly in the absence of a long-term written agreement, that merely remitting payment to a location unilaterally selected by [plaintiff] in response to invoices is

14

sufficient to confer jurisdiction.":); Cammarata v. Kelly Capital LLC, No. 16-322, 2016 WL 6023058, at *8 (D.N.J. Oct. 14, 2016) (ruling against subjecting defendant to personal jurisdiction based on payments to the forum, "[t]o allow personal jurisdiction based on these narrow and limited contacts would undermine the general rule that merely entering into a contract with a forum defendant is insufficient to establish personal jurisdiction over such a defendant."); Bondholder Comm. on Behalf of Owners of Quad Cities Reg'l Econ. Dev. Auth. First Mortgage Revenue Bonds Series 2013A v. Sauk Valley Student Hous., LLC, No. 17-7337, 2020 WL 5995617, at *8 (D.N.J. Oct. 9, 2020) (ruling against subjecting defendant to personal jurisdiction because payments directed to the plaintiff were not meant to "secure a benefit from or within" the forum.); with Kitchen & Associates Servs., Inc. v. Haven Campus Communities, No. 19-10995, 2019 WL 6606857 (D.N.J. Dec. 4, 2019) (ruling to confer personal jurisdiction over defendant based on extensive contacts with the forum including, among other things, directing payments to the plaintiff there); Rowland Glob. LLC v. Good Clean Love, Inc., No. 15-5738, 2016 WL 952339 (D.N.J. Mar. 14, 2016) (finding the court could exercise personal jurisdiction over defendant due to defendant agreeing to send payment to the forum in addition to other contacts with the forum).

In addition to these cases, the Court finds persuasive G&C Fab-Con, LLC v. M&S Civ. Consultants, Inc., No. 20-8425, 2021 WL

15

268177, at *5 (D.N.J. Jan. 27, 2021). In G&C, the plaintiff also did not dispute the defendant's connections with Colorado, which is where the contract between the parties was governed, performed, and solicited. Id. at 5. Instead, the plaintiff argued that the defendant purposefully availed itself of the privilege of conducting activities in New Jersey when, among other things, the plaintiff processed payments from the defendant in New Jersey. Id. The Court concluded that "even if the record clearly indicated that Plaintiff was processing pay applications or payments *from Defendant*, this is only one factor to consider among the totality of the circumstances." Id. (citing Remick, 238 F.3d at 256)(emphasis in original). The Court further explained its holding was still consistent with North Penn Gas, because in North Penn Gas, "the fact that a nonresident made payments to the plaintiff in the forum was only one of the several factors the court pointed to in finding personal jurisdiction." Id. (citing North Penn Gas, 897 F.2d 687).

Here, without any other action undertaken by Defendants directed at the forum state, payment alone is not sufficient to show purposeful availment. A finding in Plaintiff's favor would enlarge the pool of defendants subject to personal jurisdiction in this forum stretching the limits of due process and increase the opportunity for plaintiffs to shop for a forum merely by asking customers to send payments there.

Because the Court has found Plaintiff has not carried its burden of showing minimum contacts between Defendants and New Jersey, this Court need not decide the two additional requirements under the specific jurisdiction analysis. G&C, 2021 WL 268177, at *6 (declining to address the final two requirements of the personal jurisdiction analysis after Plaintiff failed to meet burden of showing minimum contacts).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for lack of personal jurisdiction will be granted.

An appropriate Order will be entered.


Date: July 6, 2021                  s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.